Dear Mr. LeJeune:
You requested an Attorney General's opinion on behalf of the Duralde Gravity Drainage District No. 4 ("District") regarding the use of the District's funds to purchase equipment which will be owned and operated by the Evangeline Parish Police Jury. You advised that, while the District is authorized to purchase machinery, the District usually contracts out for any work it deems necessary. If the District did purchase its own equipment, the equipment would remain idle for a large part of the year. Additionally, the District has no facility to maintain or house machinery or equipment.
You indicated that the police juror for the Evangeline Parish Police Jury District No. 3 has requested that the District assist in purchasing certain equipment which will be owned and operated by the Police Jury. The police juror has advised the Board of the District that the equipment will be used for projects which will improve the natural gravity drainage system of the district, such as clearing roadside drainage ditches. You have indicated that this is not the type of drainage project usually undertaken by the District. The District's projects usually involve work on gullies, creeks and bayous. It has not been determined by the District whether or not there is an agreement that the proposed work by the Police Jury will improve the district's drainage system, and any benefits from such work will, most likely, be minimal at best. You question, if the District should decide that the equipment would assist the District's drainage system, whether the District can use tax revenue dedicated to the District, which must be used in conformity with La. R.S. 38:1767, to purchase equipment for the ownership and use of, and under the control of, the Evangeline Parish Police Jury.
First, we note that the powers and duties of the commissioners of the board of the District are set forth in La. R.S. 38:1767. Pursuant to this statute, the commissioners may open all natural drains and perform all work connected therewith which they deem necessary to make the opening of the natural drains effective, and may cut and open new drains, ditches, and canals. The commissioners also have the authority to purchase machinery "in order to carry out the drainage works". Purchasing equipment which is to be titled in the name of the Police Jury and operated by the Police Jury primarily for the Police Jury's benefit, which may have some ancillary benefit to the District, would not be a purchase of machinery "in order to carry out the drainage works" of the District. As such, the purchase of equipment for this purpose is not authorized under R.S. 38:1767.
The situation you describe seems to be more of a donation of equipment.[1] The constitutional norm for the lawful use of public funds and property is found in Article VII, Section 14 which provides, in pertinent part, the following:
 § 14. Donation, Loan, or Pledge of Public Credit
 Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property or things of value of the state or any political subdivision shall not be loaned, pledged or donated to or for any person, association, corporation, public or private. . . .
 * * * * *
 (C) Cooperative Endeavors. For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation or individual.
As can be gleaned from the above, Section 14(A) generally prohibits the loan, pledge or donation of public funds and property. Clearly, the donation of equipment by the District to the Police Jury when it is under no obligation to do so is a donation of property which is expressly prohibited by the Constitution.
Paragraph (C) of Section 14 authorizes the State and its political subdivisions to engage in cooperative endeavors for a public purpose with other governmental agencies, public or private corporations or individuals. Our office has consistently opined that such a cooperative endeavor, to be legally permissible, must be made pursuant to a valid legal obligation; must be for a public purpose; and, it must result in a public benefit that is proportionate to its cost. See Attorney General Opinion Nos. 01-441, 01-86 and 99-68. The value of the public benefit, presumably an improved drainage system in the district, must be proportionate to the cost borne by the District in purchasing the equipment.
Based upon the facts as presented to our office, it does not appear that the District will receive a benefit which is commensurate with the value of equipment or funds to be donated by the District. As such, it is the opinion of our office that the District may not purchase equipment which is to be titled in the name of the Police Jury and operated by the Police Jury primarily for the Police Jury's benefit, even if it may have some minor benefit to the District.
Trusting this adequately responds to your request, we remain
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
[1] Alternatively, this situation could be viewed as a donation of funds for the purchase of equipment, in which case our analysis would be the same.